2. Export value as defined in section 402(b) of the Tariff Act of 1930, as amended, is the proper basis for appraisement of the merchandise.

3. The said export values are the invoice selling prices plus, when noted on the invoices, a separate charge for cartons.

4. The decision and judgment of the trial court is reversed.

Judgment will be entered accordingly.

(A.R.D. 296)

### Sommers Fabrics Corp. v. United States

Entry Nos. 716427; 911821.

Second Division, Appellate Term

(Decided September 15, 1971)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz of counsel*) for the appellant. *L. Patrick Gray, III*, Assistant Attorney General (*John A. Winters*, trial attorney), for the appellee.

Before RAO and FORD, Judges, and DONLON, Senior Judge

DONLON, Judge: Appellant, plaintiff below, challenges in its appeal the conclusion of law made by the trial·judge in holding that the evidence of record does not suffice to overcome the presumption of correctness attaching to appraisement of the merchandise. Appraisement was on the basis of United States value.

More specifically, the issue posed on appeal is whether evidence that actual sales were made at varying prices, and some times as the result of bargaining, is relevant proof within the language of the statute when weighed against evidence that there was a uniform price list for the merchandise.

The merchandise consists of rolls of vinyl plastic, imitation patent leather, that were exported from West Germany and entered by appellant at the port of New York. Entry of the merchandise of R64/5079 was on July 17, 1962, and of R63/10881 on January 22, 1962.

The statutory basis of appraisement is in dispute. According to the Rule 15(d) statements filed by the parties, plaintiff claims that appraisement should be on the basis of cost of production, whereas defendant asserts that there is a United States value and that appraisement must, therefore, be on that basis.

Inasmuch as the parties agree that this merchandise is included in the Final List, published by the Secretary of the Treasury (T.D. 54521), of merchandise excluded from operation of the Customs Simplification Act of 1956, the parties are satisfied that appraisement should be under section 402a; either section 402a(f), as plaintiff claims, or 402a(e), the basis of appraisement. If there is a United States value, then appraisement will be on that basis and the issue then is narrowed to the question what the United States value is.

The parties stipulated facts excluding a United States value for *similar* merchandise, and the proofs therefore are addressed to a United States value for *such* merchandise.

Section 402a(e) is as follows:

United States Value.—The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place

of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

The gist of appellant's contention here is that the proofs below show that there was no one price at which all purchasers could freely purchase such merchandise because the price of such merchandise was arrived at by bargaining and not by offering at a uniform price.

The proofs before us include the testimony of Mr. Herman Schecter, president of appellant corporation, and the report (dated March 13, 1963) of Customs Agent A. John Kessel, of the New York office of the Customs Bureau.

The Judge below found the evidence sufficient to show that there were free offerings of the merchandise within the purview of section 402a(e).

The question, under section 402a(e), is not whether sales were at a uniform price but whether there was a price at which the merchandise was freely offered for sale to all purchasers.

The report of Agent Kessel states that there was such a price, based on his interview with appellant's treasurer, Mr. Saul Altman, and appellant's secretary, Mr. Jack Schecter. Appellant did not call either of them to testify, but relies on the testimony of President Schecter who said that the price list was "internal" and a "guideline" for the sales department "for purposes of selling this and other materials." (R. 10.) Moreover, Mr. Schecter related the price bargaining to situations either where "our salesman was unable to get the price that he asked for" (R. 13) or where over-stocks were liquidated.

An internal price list is not, taken alone, sufficient evidence that a seller is proffering his merchandise to the buying public at the list prices. *United States* v. *North American Asbestos Corp.*, 44 Cust. Ct. 801, A.R.D. 123 (1960), affirmed 48 CCPA 153, C.A.D. 783 (1961). That case involved foreign value under the "old" law.

Under the Customs Simplification Act (not applicable here), the definition of American selling price includes as the primary basis of finding such value the existence of a price at which the merchandise was freely sold "or, in the absence of sales, offered for sale" etc. Sec. 402(e). Construing that language, the court in *Aceto Chemical Co., Inc.* v. *United States*, 51 CCPA 121, C.A.D. 846 (1964), found that, notwithstanding proof of sales at varying prices, there was an American selling price at the freely circulated list price.

Here there is some proof that the internal price list was used by appellant's sales department in the initial solicitation of business. Certainly there is no evidence that it was not so used. And that is, of

course, appellant's burden of proof, namely, to overcome by competent proofs the presumption that the government correctly found there were such offerings.

Appellant offered no evidence to show that, on the basis of United States value, the appraised value was other than correct. Since we find that appellant failed to prove that United States value was not the correct basis, testimony as to value on the basis of cost of production need not be considered.

We find, as facts, as follows:

1. That the merchandise involved consists of imitation patent leather made from polyvinyl chloride imported by Sommers Fabrics Corp., into the United States between January 1962 and July 1962.

2. That the merchandise appears on the Final List (T.D. 54521) published by the Secretary of the Treasury.

3. That said merchandise was appraised on the basis of United States value under the provisions of section 402a(e) of the Tariff Act of 1930, as amended.

4. That the plaintiff has not established, by competent proofs, that the appraised values were erroneous.

We conclude, as a matter of law, as follows:

1. That the presumption of correctness of the appraiser's finding of value has not been overcome.

2. That United States value, as that value is defined in section 402a (e) of the Tariff Act of 1930, as amended, is the proper basis for the determination of the value of the involved merchandise.

3. That such values are represented by the appraised values.

The judgment below is affirmed and judgment will be entered accordingly.